UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUPRIYA S. TANEJA

    Plaintiff,

vs.

VIRTUS PHARMACEUTICALS, LLC

    Defendant.
_____/

# COMPLAINT

Plaintiff Supriya S. Taneja ("Plaintiff") brings this complaint against Defendant Virtus Pharmaceuticals, LLC ("Virtus") and alleges the following:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory judgment and injunctive relief, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 65, respectively.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees, and is between citizens of different states.

3. Plaintiff is an individual who is a citizen of Florida.

4. Virtus is a Delaware limited liability company with its principal place of business in Langhorne, Pennsylvania.

5. Virtus has three managers: Tina Guilder, Anthony Davis, and Joshua Reilly. Mr. Davis and Mr. Reilly are residents of Illinois and Ms. Guilder is a resident of California. Accordingly, Virtus is a citizen of the states of Illinois and California for diversity jurisdiction purposes.

6. The amount-in-controversy requirement is satisfied because the value of the object of the litigation exceeds $75,000. Virtus's demand for arbitration asserts that its claim is "in excess of $1 million." Virtus also seeks an unspecified amount of punitive damages.

7. Pursuant to Section 48.193(2), Florida Statutes, Virtus is subject to personal jurisdiction because it is engaged in substantial and not isolated activity in Florida. Virtus has been registered to do business in Florida since at least 2014 and maintains at least one registered agent in the State. Virtus maintains or maintained a large office in Tampa, Florida. Virtus has a significant business relationship with Belcher Pharmaceuticals, LLC ("Belcher"), a Florida limited liability company with its principal place of business in Pinellas County, Florida.

8. Pursuant to Section 48.193(1)(a), Florida Statutes, Virtus is subject to personal jurisdiction because this action arises from Virtus's operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. Virtus maintains or maintained a large office in Tampa, Florida. Virtus has a significant business relationship with Belcher Pharmaceuticals,

LLC ("Belcher"), a Florida limited liability company with its principal place of business in Pinellas County, Florida. This action arises from Virtus's business relationship with Belcher.

9. Pursuant to 28 U.S.C. § 1391 and Local Rule 1.04(b), venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, under because this action arises from Virtus's business activities in this District and the Tampa Division.

## FACTUAL ALLEGATIONS

10. Virtus is a distributor and seller of pharmaceutical products.

11. Belcher is a supplier and manufacturer of pharmaceutical products.

12. On July 17, 2014, Virtus and Belcher entered into a Master Supply and Distribution Agreement ("Agreement") whereby Virtus and Belcher agreed that Virtus would purchase from Belcher certain finished goods for resale. Virtus is in possession of the Agreement and has knowledge of its contents.[1]

13. The Agreement is between Virtus and Belcher only.

14. The Agreement defines the term "Parties" to mean Virtus and Belcher collectively. (Agreement, Ex. 1 (Definitions) § 1.38).

---

[1] Plaintiff is not attaching a copy of the Agreement because the Agreement has been designated confidential. Plaintiff is not a party to the Agreement or to any other agreement regarding the confidentiality of the Agreement, and Plaintiff will seek to file the Agreement under seal when necessary to present it to the Court.

3

15. The Agreement outlines an informal dispute resolution process for the "Parties." (Agreement § 13.1). If an informal resolution is unsuccessful, the "Parties" must proceed to arbitration. (Agreement § 13.2).

16. Arbitration is governed by the substantive laws of the State of Delaware and shall take place in New Jersey. (Agreement §§ 13.2(c), 13.2(e)).

17. Arbitration shall be conducted in accordance with the Commercial Rules of the American Arbitration Association ("AAA"). (Agreement § 13.2(a)).

18. On April 28, 2021, Virtus submitted a demand for arbitration ("Demand") to the AAA. A true and correct copy of the Demand is attached as Exhibit A.[2]

19. Virtus named Belcher as the respondent and listed Misemer, Plaintiff, and Mr. Kapoor as additional respondents. (*See* Demand at 3).

20. In its Demand, Virtus alleges that Belcher "and the other Respondents (which are Affiliates of Belcher) formed a sham entity to circumvent the [Agreement.]" (Demand at 1). Virtus alleges that its claim is valued in excess of one million dollars, and Virtus seeks attorneys' fees, costs, interest, punitive damages, and injunctive and declaratory relief. (*See* Demand at 1).

---

[2] The Demand consists of a form from the AAA and a single-page attachment. The attachment lists additional respondents, including Plaintiff, and Virtus marked the attachment confidential. Plaintiff is omitting this single-page attachment from the filing.

21. Virtus also served a Notice of Arbitration ("Notice"), which names Plaintiff as a respondent.[3] Virtus is in possession of the Notice and has knowledge of its contents.

22. The Notice alleges that Plaintiff is one of Belcher's owners and general counsel who, along with another respondent, Arun Kapoor, formed a sham corporation named Misemer to develop, distribute, and sell products in violation of the Agreement between Virtus and Belcher. (Notice ¶ 4).

23. Virtus alleges that Belcher and its owners, including Plaintiff, own and control Misemer. (Notice ¶ 5). Virtus alleges that Misemer is an alter ego of Belcher. (*Id.*)

24. Specific to Plaintiff, Virtus also alleges that Plaintiff tortiously interfered with Belcher's obligations under the Agreement and induced Belcher to violate the Agreement. (*See* Notice at 18).

25. Virtus asserts three causes of action in its Notice: (1) breach of contract for specific performance; (2) breach of contract for damages; and (3) tortious interference, against Misemer, Plaintiff, and Mr. Kapoor. (Notice at 16–19). Virtus seeks an award in its favor and against Belcher, Misemer, Plaintiff, and Mr. Kapoor on all claims. (Notice at 19).

---

[3] Virtus designated the Notice confidential. Plaintiff will seek to file the Notice under seal when necessary to present it to the Court.

## COUNT I – Declaratory Relief

26. Virtus submitted the Demand asserting in part that its claims against Plaintiff would be submitted to arbitration pursuant to the terms of the Agreement.

27. The Agreement is between Virtus and Belcher only.

28. The Agreement defines the term "Parties" to mean Virtus and Belcher collectively.

29. Plaintiff did not sign the Agreement, and is not a party to the Agreement.

30. There is no agreement between Plaintiff and Virtus requiring that disputes between them be submitted to arbitration.

31. There is a bona fide, actual, present, and practical need for a declaration as to the rights of the Plaintiff in relation to Virtus's Demand and initiation of arbitration.

32. Plaintiff and Virtus have a substantial need for this Court to determine whether Plaintiff is subject to the terms of the Agreement, though Plaintiff did not sign the Agreement and Plaintiff is not one of the "Parties" to the Agreement.

33. This declaration deals with a present and ascertained state of facts, and involves a present controversy as to the state of facts. Virtus recently initiated arbitration, naming Plaintiff as a respondent. According to the referenced

Agreement, arbitration shall take place in New Jersey and be subject to the substantive laws of Delaware. Plaintiff is a citizen of the State of Florida.

34. Plaintiff and Virtus have an actual, present, adverse, and antagonist interest in their rights and performance obligations under the Agreement.

35. The relief sought is not for an advisory opinion by the Court or an answer to questions propounded from curiosity.

WHEREFORE, Plaintiff requests a judgment declaring that she is not a party to the Agreement; has no arbitration agreement with Virtus; and is not required to resolve disputes with Virtus in the present arbitral forum; and any other relief the Court deems just and proper.

## COUNT II – Injunctive Relief

36. The Agreement requires that Virtus and Belcher, the two parties to the Agreement, arbitrate their claims if the informal dispute resolution process is unsuccessful.

37. After Virtus and Belcher attempted to resolve their disputes informally, Virtus filed the Demand, submitting claims to arbitration before the AAA, pursuant to the Agreement. The Demand includes claims against Plaintiff.

38. Plaintiff is not a party to the Agreement.

39. There is no agreement between Plaintiff and Virtus requiring that disputes between them be submitted to arbitration.

40. Plaintiff therefore seeks injunctive relief, to enjoin the pending arbitration as to the claims against Plaintiff, which are not subject to the Agreement or any other arbitration agreement.

41. Plaintiff is likely to succeed on the merits of her claim because Plaintiff did not agree to arbitrate any dispute with Virtus. Additionally, Plaintiff is not a party to the Agreement.

42. If an injunction is not issued, Plaintiff will be required to participate in the arbitration proceeding, which is governed by Delaware law and will take place in New Jersey. Participation in arbitration constitutes an irreparable injury, since Plaintiff never agreed to arbitrate claims that arose between herself and Virtus. Forcing Plaintiff to arbitrate the claims brought against her infringes on Plaintiff's right to freely contract and, once underway, cannot be remedied.

43. There will be no injury to Virtus if the Court enjoins arbitration. Virtus has demonstrated no contractual right to arbitrate its claims against Plaintiff. To the contrary, if there is not an injunction issued, Plaintiff will be required to participate in arbitration, a forum of dispute resolution to which she never agreed.

44. If Plaintiff were required to submit to arbitration before the AAA and pursuant to the terms of the Agreement, Plaintiff would be subject to terms of a contract she never agreed to be bound by in her individual capacity.

45. Public interest favors an injunction here. An injunction would enforce the well-established legal precedent holding that a party cannot be required to arbitrate claims if the party did not agree to do so. The Court should enforce the Agreement according to its plain terms, which make clear that Plaintiff is not a party to the Agreement.

WHEREFORE, Plaintiff requests injunctive relief, declaring that she is not a party to the Agreement; has no arbitration agreement with Virtus; and is not required to resolve disputes with Virtus in the present arbitral forum; and any other relief the Court deems just and proper.

May 17, 2021                                    Respectfully submitted,

*/s/ Joseph H. Varner, III*
Joseph H. Varner, III
Florida Bar No. 394904
Jessica S. Kramer
Florida Bar No. 125420
HOLLAND & KNIGHT LLP
100 N. Tampa St., Suite 4100
Tampa, Florida 33602
Telephone: 813-227-8500
*Attorneys for Plaintiff*